## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**VEGGIE CREATIONS, LLC,** *et al.***,**

      **Plaintiffs,**

    **v.**

                                     **Civil Action 2:20-cv-5709**
                                       **Judge Michael H. Watson**
                                     **Magistrate Judge Chelsey M. Vascura**

**CJ AMERICA, INC.,**

      **Defendant.**

## <u>ORDER</u>

This matter is before the Court for consideration of a Motion (ECF No. 49) filed by Defendants-Counterclaimants CJ America, Inc. and CJ Foods, Inc. (collectively "Defendants") seeking leave to file Exhibit 7 (ECF No. 48–7) to their Response in Opposition (ECF No. 48) to Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 46). For the following reasons, Defendants' motion (ECF No. 49) is **DENIED WITHOUT PREJUDICE**.

There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has affirmed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834

F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Here, Defendants' Motion fails to meet the high standard set forth by the Sixth Circuit. Defendants indicate only that Plaintiffs-Counterclaimants Veggie Creations, LLC and Nature's One, LLC (collectively "Plaintiffs") "designated the relevant exhibit . . . as CONFIDENTIAL – SUBJECT TO PTOTECTIVE ORDER." (Dfs.' Motion 1, ECF No. 49.) But the parties' agreement to maintain confidentiality, standing alone, does not constitute a compelling reason for filing under seal. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (holding that a "confidentiality agreement between the parties does not bind the court in any way"); *White*, 2017 WL 3537233, at *2 (finding the parties' joint motion to file under seal woefully inadequate where they merely asserted that they decided to keep the terms of their settlement confidential); *In re Black Diamond Mining Co., LLC*, No. 15-96, 2016 WL 4433356, at *3 (E.D. Ky. Aug. 18, 2016) (explaining that the existence of a confidentiality agreement, alone, is not a compelling reason to seal a record). Thus, even when the parties have agreed among themselves to keep documents confidential, a proponent of sealing must provide compelling reasons justifying sealing.

Defendants have failed to do so. This is unsurprising, given that Defendants do not assert an interest in keeping the information and documents at issue confidential. Rather, it is Plaintiffs who do so, and therefore it their burden to meet the *Shane Grp.* standard. Indeed, the Stipulated

Protective Order entered in this case outlines the process that should ordinarily be followed if a party wishes to file a document under seal but is not the party or parties that might be prejudiced by public disclosure. (ECF No. 20.) Specifically, the filing party is to give the potentially prejudiced party or parties written notice of its intent to file the at-issue documents fourteen days prior to any anticipated filing, and then the potentially prejudiced party or parties will have seven days thereafter to move for sealing. (*Id.*)

Accordingly, Defendants' motion (ECF No. 49) is **DENIED WITHOUT PREJUDICE**. The Court, however, will afford Plaintiffs an opportunity to submit a properly-supported motion for the at-issue documents to be sealed **WITHIN SEVEN DAYS OF THE DATE OF THIS ORDER**.[1] If Plaintiffs do not file such a motion within this timeframe, Defendants shall file the unredacted version of Exhibit 7 on the public docket without further order of the Court. Plaintiffs are cautioned that any forthcoming motion must meet the standards set forth by the Sixth Circuit and should be narrowly tailored, as the sealing of documents must be no broader than necessary. *See Shane Group, Inc.*, 825 F.3d at 305.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Defendants identified the at-issue documents by Bates-label range in their Motion. ECF No. 49.

3