# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Veggie Creations, Inc.,

    Plaintiff,

v.

CJ America, Inc.,

    Defendant.

Case No. 2:20-cv-5709

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

The Court is concerned it may lack subject matter jurisdiction over this case. It is axiomatic that "[f]ederal courts are courts of limited jurisdiction." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011) (internal quotation marks and citation omitted). A Court has federal-question jurisdiction under 28 U.S.C. § 1331 for cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court may also have diversity-of-citizenship jurisdiction, provided that that no plaintiff and no defendant are citizens of the same state, and the amount in controversy is $75,000 or greater. 28 U.S.C. § 1332. "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

The Amended Complaint alleges that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] Amend. Compl. ¶ 10, ECF No. 10. The Court has diversity jurisdiction, and therefore subject-matter jurisdiction, only if the amount in controversy exceeds $75,000 and if no plaintiff and no defendant are citizens of the same state. 28 U.S.C. § 1332. Here, the Court is concerned about the citizenship of the parties.

Plaintiff Nature's One, LLC ("Nature's One") recently filed a notice explaining that its sole member is a Delaware corporation with its principal place of business in Ohio. Notice, ECF No. 52-1. Nature's One is thus a citizen of both Delaware and Ohio. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("[A] limited liability company has the citizenship of each of its members." (citations omitted)).

Defendant's citizenship remains unclear, however. Defendant CJ America, Inc. is the only formally named Defendant. *See generally* Amend. Compl., ECF No. 10. CJ America, Inc. represents that it is a New York Corporation with a principal place of business in California. Ans. ¶ 8, ECF No. 12. So, CJ America, Inc. is a citizen of New York and California. *See* 28 U.S.C. § 1332(c)(1).

However, Plaintiff alleges that CJ America, Inc. is "doing business as" CJ Foods, Inc. *See generally* Amend. Compl., ECF No. 10. CJ Foods, Inc., is a Delaware corporation with a principal place of business in California. *Id.* CJ

---

[1] Indeed, from a review of the Amended Complaint, the Court sees no basis for federal question jurisdiction. *See generally* Amend. Compl., ECF No. 10.

Foods, Inc. is thus a citizen of Delaware and California. See 28 U.S.C. § 1332(c)(1).

If the Court considers CJ Foods Inc.'s citizenship for purposes of diversity jurisdiction, then at least one Plaintiff (Nature's One) and one Defendant (CJ Foods, Inc.) are citizens of Delaware. So, there would be no diversity of citizenship, and the Court would lack subject-matter jurisdiction over the case.

But it is unclear whether Plaintiff sues CJ Foods, Inc. As noted above, Plaintiff names only CJ America, Inc. and alleges that CJ America, Inc. *does business as* CJ Foods, Inc. To the contrary, CJ America, Inc. and CJ Foods, Inc. appear to hold themselves out as separate entities. See Ans. ¶ 8, ECF No. 12.

Accordingly, the parties are **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject-matter jurisdiction. To respond to this Order, the parties may submit briefs, **not to exceed fifteen pages**, according to the following schedule: Defendant's brief is due **within twenty-one days**. Plaintiff's response is due **within twenty-one days** of Defendant's brief. Defendant's reply, if any, is due **within fourteen days** of Plaintiff's response.

As a final note, in the original Compliant, Plaintiff Veggie Creations purports to be a corporation. See Compl. Caption; ¶ 5, ECF No. 1. However, in the Amended Complaint and several other filings, Veggie refers to itself as an "LLC." See, e.g., Amended Compl., Caption, ECF No. 10; Notice, Caption, ECF No. 25; Motion 1, ECF No. 46. Accordingly, Veggie is **ORDERED** to file a notice **WITHIN SEVEN DAYS** explaining whether it is a corporation, LLC, or some other

type of entity, and, if it is an LLC, documenting the citizenship of its members and any sub-members.

**IT IS SO ORDERED.**

*[signature]*

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**