UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VEGGIE CREATIONS, LLC. Et al., | ) CASE NO. 2:20-CV-05709- MHW-CMV |
| Plaintiff, | ) JUDGE MICHAEL H. WATSON |
| vs. | ) MAGISTRATE JUDGE CHELSEY M. VASCURA |
| CJ AMERICA, INC. d/b/a CJ FOODS, INC., | ) |
| Defendant. | ) |

**DEFENDANT CJ AMERICA, INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 29, 2022 OPINION AND ORDER (ECF # 55)**

Defendant CJ America, Inc. d/b/a CJ Foods, Inc. ("Defendant") hereby moves this Court for reconsideration of its September 29, 2022 Opinion and Order (the "Order") (ECF #55). As thoroughly described in Defendant's September 23, 2022 Motion to Clarify Declaration of Jay Highman in Support of Citizenship of Plaintiff Nature's One, LLC (the "Motion to Clarify") (ECF #54), Plaintiffs' citizenship, at the time of filing its original Complaint, remains unclear to Defendant because Plaintiffs have provided no information regarding the citizenship of Veggie Creations, LLC *as of November 2, 2020* – the date the Complaint was filed. Without such information, which is not readily available to Defendant, Defendant remains unable to appropriately respond to the Court's September 23, 2022 Order to Show Cause (the "OTSC") (ECF #53) why this case should not be dismissed for lack of subject matter jurisdiction. Accordingly, Defendant respectfully requests that this Court reconsider the Order, and require Plaintiffs to clarify their citizenship at the time of filing the Complaint.

1

## **MEMORANDUM IN SUPPORT OF DEFENDANT CJ AMERICA, INC.'S MOTION FOR RECONSIDERATION**

**I.     BACKGROUND & FACTS**

Plaintiff "Veggie Creations, Inc." initiated this lawsuit on November 2, 2020 by filing its original Complaint (ECF # 1) in this Court, citing diversity of citizenship of the parties as the basis for this Court's jurisdiction.  Specifically, Plaintiff Veggie Creations alleged that it was an Ohio corporation and had a principal place of business in Ohio. (Compl. ¶ 5, ECF #1).  The only other party to this lawsuit at that time, Defendant, is a New York corporation with a principal place of business in Los Angeles, California, as stated in the Complaint and alleged by Defendant in its Answer and Counterclaim. (ECF # 4).

On December 18, 2020, Defendant added "Nature's One, LLC" to this case via counterclaim as a counterclaim defendant. (*See* Answer and Counterclaim, ECF # 4).  On January 8, 2021, Nature's One, LLC and Veggie Creations, LLC filed a First Amended Complaint ("FAC") (ECF # 10).  The FAC identifies each Veggie Creations and Nature's One as limited liability companies and also as "Plaintiffs."  Despite identifying each Veggie Creations and Nature's One as an LLC, the FAC nevertheless alleged that this Court had "jurisdiction over Plaintiffs because it [sic] is an Ohio corporation with its principal place of business located within the State of Ohio." (ECF # 10 at ¶ 7).

Now, Plaintiffs have moved for leave to file a Second Amended Complaint ("SAC"), attaching a proposed SAC to their motion for leave. (ECF # 46 with Exhibit 1).  The proposed SAC, once again, identifies both Veggie Creations and Nature's One as limited liability companies, and, once again, alleges that this Court has "jurisdiction over Plaintiffs because it [sic] is an Ohio corporation with its principal place of business located within the State of Ohio." (ECF # 46-1 at ¶ 7).

2

During a telephone conference on September 13, 2022 with the Court, Magistrate Judge Vascura ordered Veggie Creations, LLC and Nature's One's Counsel to investigate Nature's One, LLC's citizenship and to inform Defendant and the Court of the results of that investigation. On September 21, 2022, Nature's One, LLC filed the Declaration of Jay Highman in Support of Citizenship of Plaintiff Nature's One, LLC (the "First Declaration"). (ECF # 52-1). In the First Declaration, Highman declares that "Nature's One is an LLC" whose "sole member" is "Nat2, Inc.," a Delaware Corporation with a principal place of business in Ohio. (*Id.* at ¶¶ 5-7).

In response to the First Declaration, on September 23, 2022, Defendant filed the Motion to Clarify because, among other reasons, the First Declaration provided no information regarding the citizenship of Veggie Creations, LLC at the time the lawsuit was filed. The Court issued the OTSC the same day, and subsequently, on September 29, 2022, entered the Order denying the Motion to Clarify.

The following day, on September 30, 2022, Veggie Creations, LLC responded to the OTSC by filing a second Declaration of Jay Highman in Support of Citizenship of Plaintiff Veggie Creations, LLC (the "Second Declaration") (ECF # 56-1). In the Second Declaration, Highman declares that "Veggie Creation [sic] is an LLC" whose "sole member … is Nat2, Inc.," a Delaware Corporation with a principal place of business in Ohio. (*Id.* at ¶¶ 5-7). Like the First Declaration, the Second Declaration is silent as to the citizenship of Veggie Creations, LLC as of November 2, 2020, when the original Complaint was filed.

II. **LAW & ARGUMENT**

    A. **A motion for reconsideration is appropriate to correct a clear error of law or to prevent a manifest injustice.**

"[D]istrict courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health &*

3

*Welfare Fund,* 89 Fed. Appx. 949, 952 (6ᵗʰ Cir.2004) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"); *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6ᵗʰ Cir.1991)). The Federal Rules of Civil Procedure do not address motions for reconsideration of interlocutory orders; however, "the authority for a district court to hear such motions is found in both the common law and in Rule 54(b) of the Federal Rules of Civil Procedure." *Id.* at 959. A motion for reconsideration of an interlocutory order may be made, *inter alia*, to correct a clear error of law or prevent manifest injustice. *See Berridge v. Heiser,* 993 F.Supp. 1126, 1146–47 (S.D. Ohio 1998).

B. **Diversity of citizenship for purposes of federal subject matter jurisdiction is determined at the time the complaint is filed, and this court can exercise supplemental jurisdiction over a non-diverse defendant subsequently made party to the case through a counterclaim.**

As this Court noted in the Order, federal courts have diversity-of-citizenship jurisdiction over disputes in which no plaintiff and no defendant are citizens of the same state, and the amount in controversy is $75,000 or greater. 28 U.S.C. § 1332 ("Diversity Jurisdiction"). Diversity jurisdiction is determined based "upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 570 2004) (citation and internal quotation omitted). Under the "time of filing" rule, "all challenges to subject-matter jurisdiction premised on diversity of citizenship [are measured] against the state of facts that existed at the time of filing." *Id.*

"If jurisdiction exists at the time the complaint is filed, it may not be divested by subsequent events such as … a change in citizenship of the parties." *Aetna Cas. & Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 870, 874 (E.D. Mich. 1999) (citing *Jones v. Knox Exploration*

4

*Corp.,* 2 F.3d 181 (6th Cir.1993); *Klepper v. First American Bank,* 916 F.2d 337, 341 (6th Cir.1990)).

When a district court has original jurisdiction over a civil action, 28 U.S.C. § 1367(a) grants the district court "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[1] The Third, Fourth, and Fifth Circuit Courts of Appeal have each addressed the question of a court's supplemental jurisdiction over a defendant's counterclaim against a non-diverse nonparty, and each of those Circuit Courts has concluded that supplemental jurisdiction does indeed allow the joinder of non-diverse counter-defendants. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 836–37 (3d Cir.2011); *State Nat. Ins. Co. Inc. v. Yates*, 391 F.3d 577, 580 (5th Cir.2004); *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir.1998).

Following these Circuit Courts' lead, at least two district courts within the Sixth Circuit have reached the same conclusion. *See Preferred Care of Delaware, Inc. v. Crocker*, 173 F.Supp.3d 505, 512 (W.D. Ky. 2016) ("As it appears that the Sixth Circuit has not ruled upon this very issue, this Court will follow the guidance of those circuits who have addressed this issue."); *Orea Energy Grp., LLC v. E. Tennessee Consultants, Inc.*, No. 3:09–CV–041, 2009 WL 3246853, at *2 (E.D. Tenn. Oct. 6, 2009) (holding, in a diversity action in which the defendant added a non-diverse counter defendant, that "[t]he court therefore has supplemental jurisdiction over the proposed amended counterclaim pursuant to § 1367(a).").

---

[1] The limitation on supplemental jurisdiction found in § 1367(b) pertaining to diversity cases is inapplicable in this case, as that section applies only to *plaintiffs'* attempts to add nondiverse parties. *See* 28 U.S.C. § 1367(b); *Grimes v. Mazda N. Am. Operations,* 355 F.3d 566, 572–73 (6th Cir.2004).

To be clear, Defendant does not know whether Nature's One was non-diverse at the time it was joined to the case as a Counterclaim Defendant. But even if it were, that would not divest the Court of subject matter jurisdiction, assuming diversity existed between Veggie Creations, LLC and Defendant at the time the original Complaint was filed.

C. **Plaintiffs have provided no information regarding the Citizenship of Veggie Creations, LLC, which is the only entity that was a Plaintiff in the original Complaint at the time of filing; accordingly, Defendant does not have sufficient information to comply with the OTSC.**

The First and Second Declarations provide information regarding the citizenship of Nature's One and Veggie Creations presently. The two Declarations do not reveal the citizenship of Veggie Creations at the time of filing . Because Veggie Creations, and not Nature's One, was a party to the original Complaint at the time it was filed, the citizenship of Veggie Creations, not Nature's One, will determine whether diversity jurisdiction exists. *See Grupo Dataflux* at 570. Nevertheless, this Court should require both Nature's One and Veggie Creations to inform the Court and Defendant of the citizenship of each entity at the time of filing the Complaint. Without such information, Defendant is unable to respond to this Court's Order and thoughtfully and completely advise the Court of the basis of its jurisdiction in this case.

For these reasons, Defendant respectfully asks this Court to reconsider the Order. Defendant believes that it should not be required to show cause why this case should not be dismissed for lack of subject matter jurisdiction before it has been apprised of all the information needed to make such a determination, nor should the court rule on this issue without being apprised of all the necessary information.

DATED: October 6, 2022            Respectfully submitted,

*s/ Kelly E. Mulrane*
Gregory Phillips (0077601)
Kelly E. Mulrane (0088133)
BENESCH, FRIEDLANDER,
   COPLAN & ARONOFF, LLP
41 S. High Street, Suite 2600
Columbus, Ohio 43215
Telephone:  (614) 223-9300
Facsimile:   (614) 223-9330

*Attorneys for Defendant CJ America, Inc. dba CJ Foods, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was filed electronically with the Court on October 6, 2022.  Notice of this filing was sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/ Kelly E. Mulrane*
*One of the Attorneys for CJ America, Inc. and CJ Foods, Inc.*