**IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| VEGGIE CREATIONS, LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CJ AMERICA, INC., dba CJ FOODS, INC.,<br><br>    Defendant. | Case No.: 2:20-CV-05709-MHW-CMV<br><br>Judge Michael H. Watson<br><br>Magistrate Judge Chelsey M. Vascura<br><br>**CJ AMERICA, INC., dba CJ FOODS, INC.'S MOTION FOR LEAVE TO FILE UNDER SEAL** |

Pursuant to Southern District of Ohio Local Rule 5.2.1(a), and Paragraph 8 of the Stipulated Protective Order in this case (Doc. 20 PageID 155-156), CJ America, Inc. dba CJ Foods, Inc. ("CJ") respectfully moves this Court for an Order removing the Deposition of John Sim and Exhibits (Doc. 67.1-7) from the public docket and for leave to file the same under seal. On January 17, 2023, Plaintiffs publicly filed an unredacted version of the deposition of John Sim ("Sim Deposition") and the exhibits referenced during the Sim Deposition ("Exhibits"). The Sim Deposition contains information that was designated "attorney's eyes only" and "confidential", and certain of the Exhibits were marked as confidential or noted as confidential during the Sim Deposition.

On January 12, 2023, this Court issued its Opinion and Order (Doc. 65), providing that "[i]f any deposition contains material which a party believes should be filed under seal, that party is **DIRECTED** to move for leave to file the deposition under seal **WITHIN SEVEN DAYS**. Any motion for leave to file under seal must be properly supported. See Order 9-10, ECF No. 20." Doc. 65 PageID 484.  Pursuant to the Court's Order, CJ moves for leave to file the Sim Deposition and

the Exhibits under seal.

Sealing is warranted because Plaintiffs and CJ are competitors, and the Sim Deposition contains highly sensitive and confidential business and financial information that is not generally known to others and has significant competitive value. Unrestricted disclosure to the public, CJ's competitors (including but not limited to Plaintiffs), and CJ's customers, has created a substantial risk of serious injury to CJ.  CJ would not have disclosed this sensitive business and financial information to third parties except in confidence, and CJ has taken measures to maintain the confidence of the information.  Simply put, the information contained in the Sim Deposition and the Exhibits constitutes proprietary financial, competitive, and commercially sensitive information that CJ maintains as highly confidential in its business, the disclosure of which is likely to cause harm to the competitive position of CJ in the market.

## I. NATURE OF THE MATERIAL REQUESTED TO BE SEALED

On July 26, 2022, John Sim was deposed in his personal capacity. Mr. Sim is employed as the Vice President of Sales for CJ Foods USA, Inc.  In the Sim Deposition, Mr. Sim was asked ranging questions regarding CJ's businesses, business structure, internal reporting practices, and operations (related and unrelated to the present lawsuit).  Mr. Sim was also asked questions related to CJ's unrelated, independent business relationship with Trader Joe's Company, a topic that was designated as "attorneys' eyes only" during the Sim Deposition (a designation which CJ has maintained), as well as operational information that is extremely sensitive and could cause significant harm to CJ and third parties if it remains publicly available to CJ's competitors and customers.  The Sim Deposition and Exhibits reveal CJ's confidential business information, and the bases for sealing are outlined below.

## II. LEGAL STANDARD

Fed. R. Civ. P. 26 provides discretion to trial courts in permit sealing of documents – the protection of trade secrets, confidential research, development, and commercial information are explicitly enumerated as information that may be protected from public disclosure. Fed. R. CIv. P. 26(c)(1)(G). A party seeking to seal documents must show: "(1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly tailored." *Kondash v. Kia Motors Am., Inc.,* 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)). The requesting party must demonstrate that it will suffer a "clearly defined and serious injury," *Shane Grp., Inc.*, 825 F.3d at 307, without a seal, such as disclosure of "sources of business information that might harm a litigant's competitive standing," *United States ex rel. Scott v. Humana Inc.*, No. 3:18-CV-00061-GNS-CHL, 2021 WL 4480672, at *1 (W.D. Ky. Sept. 29, 2021) (quotation and citation omitted).

Further, the Supreme Court of the United States held that "… the common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) (internal citations omitted). Here, the compelling reasons standard is met to seal the Sim Deposition and the Exhibits.

### a. Compelling Reasons Exist to Seal the Sim Deposition

The Sim Deposition and Exhibits contains highly confidential and commercially sensitive information about CJ's commercial relationships, commercial development, business capacities, internal research, business strategies, relationships with its customers, and internal business structure. The release of this information would cause CJ competitive harm by giving third parties

3

unprecedented access into CJ's confidential and internal operations and strategies, allowing third parties to gain unfair advantages in their dealings with and against CJ.  Moreover, while CJ understands that the Court need not give deference to the parties' designation of materials as confidential or protected, the public filing of the Sim Deposition and Exhibits undermines not only the privacy expectation of CJ in providing the deposition testimony and documentation, but also the privacy expectation of non-party Trader Joe's Company.  *Shane Group* noted "the privacy interests of third parties should weigh heavily in a court's balancing equation."  *Shane Group*, 825 F.3d 299, at 308.

The Sixth Circuit and Ohio District Courts have regularly sealed this type of information.  In *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017), the Court granted a motion to seal holding, "[t]his Court has previously recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings."  Similarly, in *Duff v. Centene Corp.,* 2022 WL 3151889, at *2 (S.D. Ohio Aug. 8, 2022), the Court granted the sealing of a party witness's deposition transcript recognizing that "a litigant's interest in protecting sensitive business information whose disclosure could result in competitive disadvantage can be sufficient to support sealing."

The same reasoning applies here.  The Sim Deposition transcript and Exhibits contain detailed descriptions of CJ's commercial relationships, commercial development, business capacities, internal research, business strategies, relationships with its customers, and internal business structure, all of which could be used by CJ's competitors (including Plaintiffs), to place CJ at a competitive disadvantage.

### b. Public Dissemination of the Material will not Improve the Public's Understanding of the Dispute

Though the public "has a strong interest in obtaining the information contained in the court record," this interest is significantly less for documents merely exchanged in discovery. *Shane Grp., Inc.*, 825 F.3d at 305; *In re Envision Healthcare Corp. Secs. Litig.*, No. 3:17-cv-01112, 2021 WL 4391622, at *2 (M.D. Tenn. Sept. 24, 2021) ("The court in *Shane Grp.* distinguished between materials exchanged in discovery and those filed in the court record."). Further, *Shane Group* discussed several reasons why the public might have an interest in an open review of a court's docket materials such as ensuring the right to guard against corruption, the right to be on notice about what is and is not a violation of law, and to assess the merits of judicial decisions. *Shane Group* at 305. None of those concerns are implicated here.

The Sim Deposition and Exhibits were exchanged in discovery and are being offered in support of Plaintiffs' and Counterclaim Defendants' Fed. R. Civ. P. 19 Motion. However, the public would not need to review CJ's highly confidential business information to understand the events giving rise to this dispute or the arguments made in support of, or opposition to, Plaintiffs' Motion. *See e.g., London Computer Sys., Inc. v. Zillow, Inc.,* No. 1:18-CV-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019). In *Reliant Cap. Sols., LLC v. Ram Payment, LLC*, No. 2:22-CV-03047, 2022 WL 16569215 (S.D. Ohio Nov. 1, 2022) the Court granted a motion to seal certain material holding there was minimal public harm in sealing the material: "A trademark dispute regarding a company's logo and similarities of their businesses is well understood through the analysis of public-facing information and does not require detailed information regarding a company's inner workings." Likewise, here, the public interest in a routine breach of contract dispute is adequately protected by the already-public material and will not be materially enhanced by exposing CJ's confidential business information to the public and its competitors.

Here, CJ's strong interest in maintaining its confidential business information to prevent competitors and third parties from gaining an unfair advantage in their dealings with CJ, outweighs the public's interest in the inner workings of CJ, especially where that information will not aid in an understanding of the dispute of the Court's ruling on a jurisdictional motion.

### III. CONCLUSION

For the foregoing reasons, CJ respectfully requests that the Court grant its Motion removing the Deposition of John Sim and Exhibits (Doc. 67.1-7) from the public docket and for leave to file the same under seal under seal.

DATED: January 19, 2023

Respectfully submitted,

*s/ Kelly E.Mulrane*
Gregory Phillips (0077601)
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: 216-363-4472
Facsimile: 216-363-4588
E-Mail: gphillips@beneschlaw.com

Kelly E. Mulrane (0088133)
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
41 S. High Street, Suite 2600
Columbus, Ohio 43215
Telephone: (614) 223-9300
Facsimile: (614) 223-9330
E-Mail: kmulrane@beneschlaw.com

*Attorneys for CJ America, Inc. dba CJ Foods, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing document was filed electronically with the Court on January 19, 2023. Notice of this filing was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Kelly E. Mulrane*
*One of the Attorneys for CJ America, Inc. dba*
*CJ Foods, Inc.*
